# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES DIVISION

| | |
|---|---|
| **WALLACE DEEN-MITCHELL**<br>    **FED. REG. # 51443-060** | **CIVIL ACTION NO. 2:10-cv-411** |
| | **SECTION P** |
| **VERSIS** | |
| | **JUDGE PATRICIA MINALDI** |
| **J.P. YOUNG** | **MAG. JUDGE KATHLEEN KAY** |

## PARTIAL REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2241) filed on March 16, 2010, by *pro se* petitioner Wallace Deen-Mitchell. (Doc. 1). Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP). Petitioner is currently incarcerated at USP Lewisburg, in Lewisburg, Pennsylvania; however, he was housed at the Federal Correctional Institute at Oakdale, Louisiana (FCI-O) at the time he filed this matter. Petitioner names J.P. Young as his defendant herein. (Doc. 1).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### Statement of the Case

Petitioner filed this petition [Doc. 1] on March 16, 2010. Petitioner complains about prison disciplinary convictions which resulted in the forfeiture of good time credits.[1] He also advances several conditions of confinement claims. (Doc. 1). More specifically, petitioner

---

[1] By separate memorandum order, the undersigned has instructed petitioner to amend his petition in regard

states that respondent failed to protect him from sexual assault by more than one FCI-O officer. *Id.* He also claims that respondent has attempted and threatened to put known enemies in petitioner's cell as an act of retaliation for filing complaints related to the claims made in this petition. *Id.*

Further, petitioner states that respondent refuses to give him administrative remedy forms. *Id.* As a result of the above actions, petitioner seeks protective orders preventing all contact between himself and the officers that assaulted him as well as a protective order preventing respondent from putting known enemies into his cell. Petitioner also asks for administrative remedy forms. *Id.*

### *Law and Analysis*

At the onset, this court is called upon to determine whether to treat the above claims as a petition for *habeas corpus* as petitioner advances, or as a civil rights complaint under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).[2]

In general, a civil rights suit "is the proper vehicle to attack unconstitutional conditions of confinement and prison procedures." *Cook v. Texas Dep't. of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir.1994). A *habeas* petition, on the other hand, is the proper vehicle to seek release from custody. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997).

The Fifth Circuit has adopted a simple, bright-line rule for determining how to categorize

---

to those claims.

[2] *Bivens* authorizes civil rights suits filed against federal agents or employees for a violation of a constitutional right. *Broadway v. Beck*, 694 F.2d 979, 981 (5th Cir.1982) (actions of federal officials taken under color of federal law cannot form the basis of a suit under section 1983).

such *pro se* pleadings: If "a favorable determination...would not automatically entitle [the prisoner] to accelerated release" then the proper vehicle is a civil rights suit. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir.1995) (per curiam), *cert. denied*, 516 U.S. 1059, 116 S.Ct. 736, 133 L.Ed.2d 686 (1996).

Based upon a review of the pleadings herein, it is clear that petitioner has asserted a civil rights claim and a *habeas* claim. Specifically, his civil rights claims do not implicate the overall length of his confinement but only the conditions of his confinement. Thus, in regard to those claims, petitioner has failed to state a claim for which relief can be granted and this matter should be dismissed.[3]

Accordingly, **IT IS RECOMMENDED THAT** the portion of this petition for writ of *habeas corpus* that constitutes civil rights claims as described herein be **DENIED AND DISMISSED WITH PREJUDICE** as the petitioner has failed to state a claim and is otherwise not entitled to relief.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or**

---

[3] Petitioner may attempt to file a civil rights complaint.

**the legal conclusions accepted by the District Court, except upon grounds of plain error.**

*See Douglass v. United Services Auto. Ass'n*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 26th day of May, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE