RECEIVED
IN LAKE CHARLES, LA

AUG 17 2011

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| WALLACE DEEN-MITCHELL<br>FED. REG. #51443-060 | : | DOCKET NO. 2:10 CV 411 |
| VS. | : | JUDGE MINALDI |
| J.P. YOUNG | : | MAGISTRATE JUDGE KAY |

### JUDGMENT

Before the Court is a Partial Report and Recommendation from the Magistrate Judge recommending that the portion of the petitioner's writ of *habeas corpus* that constitutes a civil rights claim be dismissed with prejudice for failure to state a claim upon which relief may be granted. [R. Doc. 9].

The petitioner is currently incarcerated in Pennsylvania, but the actions he complains of allegedly occurred while he was incarcerated in Oakdale, Louisiana. In his complaint, the petitioner alleges that prison disciplinary convictions resulted in the forfeiture of good time credits, and that these convictions did not comport with procedural due process requirements. He also makes certain allegations against various guards at the Oakdale facility, alleging that they sexually assaulted him by performing oral sex on the petitioner. In addition, these guards allegedly threatened to put known enemies in his cell as an act of retaliation for filing his complaint. [R. Doc. 1].

Consistent with the Fifth Circuit's holding in *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), the Magistrate Judge found that the petitioner failed to state a claim for which relief can be granted with respect to his civil rights claim (i.e., those that do not implicate the length of his confinement but only the conditions of his confinement). The petitioner has not filed an objection to the Magistrate Judge's Report and Recommendation, and an independent review of the record has led

this Court to determine that the Magistrate Judge's findings are correct under applicable law. Accordingly, the Court will dismiss the portions of this petition for writ of *habeas corpus* that constitute a civil rights claim.

On the same day the Magistrate Judge issued her Report and Recommendation, she ordered the petitioner to file, within 30 days, copies of various disciplinary hearings. [R. Doc. 10]. This evidence is necessary to determine whether the petitioner followed the required administrative process before filing his suit. *See Superintendent, Mass. Correctional Onst. V. Hill*, 472 U.S. 445, 454 (1985). In his initial response, the petitioner has failed to follow the instructions provided in the Magistrate Judge's Order. [R. Doc. 11]. Later, he supplemented a response with an administrative appeal of some unknown original decision. [R.Doc. 12]. This is wholly insufficient to comply with the Magistrate Judge's Order. Thus, the petitioner's complaint fails to comport with Rule 8 of the Federal Rules of Civil Procedure and will be dismissed for failure to state a claim upon which relief can be granted under Rule 12(b)(6).

Moreover, after an independent review of the record, the Court will rescind the Magistrate Judge's earlier Order granting the petitioner leave to proceed *in forma pauperis*. [R. Doc. 6].

28 U.S.C §1915(g) prohibits a prisoner from obtaining *in forma pauperis* status if "on 3 or more occasions, while incarcerated or detained in any facility, [he] brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted." The petitioner has accumulated more than 3strikes. *See Deen-Mitchell v. J.P. Young*, 2:10 CV 334, Order Revoking IFP status . [ Doc. 24]. No exception to the three strikes rule applies. Accordingly, it is

ORDERED that the petition for writ of *habeas corpus* be DENIED and DISMISSED with prejudice for failure to state a claim for which relief may be granted;

IT IS FURTHER ORDERED that petitioner must pay the full filing fee of $350 within 20 days of the date of this Judgment. Failure to pay the filing fee will result in the petitioner's complaint being stricken from the record;

IT IS FURTHER ORDERED that the Clerk of Court is to return any additional filings submitted by the petitioner until the full filing fee has been paid.

THUS DONE AND SIGNED, in Chambers, at Lake Charles, Louisiana, this 16 day of July 2011.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE